1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GARY LEE BEAVERS,                          Case No.  1:21-cv-650-HBK (PC)

12                  Plaintiff,                   ORDER DENYING PLAINTIFF'S MOTION
                                                 TO APPOINT COUNSEL
13          v.
                                                 (Doc. No.  10)
14   FNU HOSEY, ET. AL.,

15                  Defendants.

16

17          Pending before the Court is Plaintiff's motion to appoint counsel, filed on September 7,

18   2021.  (Doc. No. 10).  Plaintiff Gary Lee Beavers initiated this action proceeding *pro se* by filing

19   a 42 U.S.C § 1983 complaint as a prisoner within the CDCR on April 21, 2021.  (Doc No. 1).

20   The Court granted Plaintiff's motion to proceed *in forma pauperis*.  (Doc. No. 6).  A screening

21   order is due under § 1915 on the complaint.

22          Plaintiff seeks appointment of counsel for litany of reasons. (*See generally* Doc. No. 10).

23   Plaintiff states he has no legal education, that his case is complex, and he recognizes the action

24   involves different defendants and different claims: a failure to protect claim, a due process claim

25   stemming from prison officials' rules that allow inmates and officers to steal property from

26   helpless inmates, and deliberate indifference to a serious medical condition medical claim.  (*Id.* at

27   1).  Plaintiff also states that his case will require expert testimony and involve conflicting

28   testimony.  (*Id.*).  Additionally, Plaintiff submits that due to the Covid-19 pandemic, he may be

1   precluded access to the prison law library due to lock-down. (*Id.*).

2          The United States Constitution does not require appointment of counsel in civil cases.  *See*

3   *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not

4   create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has

5   discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a

6   civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for

7   people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir.

8   1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other

9   citations omitted).  However, motions to appoint counsel in civil cases are granted only in

10  "exceptional circumstances."  *Id.* at 1181.  The court may consider many factors to determine if

11  exceptional circumstances warrant appointment of counsel including, but not limited to, proof of

12  indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his

13  or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v.*

14  *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en*

15  *banc*, 154 F.2d 952 (9th Cir. 1998).

16         Here, Plaintiff has not met his "burden of demonstrating exceptional circumstances.*"*

17  *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  As noted above, the case

18  remains in the initial stages of litigation and a screening order is due on the Complaint.  (*Supra* at

19  1).  The issues Plaintiff presents to justify appointment of counsel are similar obstacles all

20  prisoner plaintiffs pursuing § 1983 claims face.  Contrary to Plaintiff's assertion, the Court does

21  not find the issues are "so complex that due process violations will occur absent the presence of

22  counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993).  Plaintiff has not showed

23  exceptional circumstances warrant appointment of counsel at this stage of the proceedings.

24  Should this case progress and plaintiff's circumstances change so that he is able to demonstrate

25  exceptional circumstances, he may renew his motion for appointment at counsel at that time.

26         Accordingly, it is **ORDERED**:

27         Plaintiff's motion to appoint counsel (Doc. No. 10) is DENIED.

28

1

2   Dated:    September 10, 2021

3   HELENA M. BARCH-KUCHTA
    UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28