**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY LEE BEAVERS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HOSEY, et al.,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-00650-JLT-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL<br><br>(Doc. 16) |

The Magistrate Judge issued findings and recommendations, which concluded that Plaintiff's First Amended Complaint should be permitted to proceed on Plaintiff's Eighth Amendment Failure to Protect claims against Defendants Hosey, Espinosa, and Mendoza, but that all remaining claims should be dismissed. (*See* Doc. 16.) Plaintiff filed objections on November 17, 2023. (Doc. 17).

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. The magistrate judge correctly found that the allegations in the First Amended Complaint do not set forth any claim as to Sgt. John Doe 1 that are cognizable in a 42 U.S.C. § 1983 action. In his objections, Plaintiff appears to contend that Defendant Doe 1's actions in assigning Plaintiff to Building 4, announcing his sex offender status to other inmates, and mislaying Plaintiff's property set forth a

cognizable First Amendment retaliation claim. (Doc. 17 at 5-6). However, Plaintiff does not point to any protected First Amendment conduct that prompted Defendant Doe 1's actions; thus he cannot allege a First Amendment retaliation claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Plaintiff also contends that Doe 1's actions constituted failure to protect in violation of the Eighth Amendment.[1] (Doc. 17 at 6). However, even if Doe 1 assigned Plaintiff to Building 4 knowing Plaintiff faced a heightened risk of assault by gang members housed there due to his status as a sex offender, the FAC does not allege such an assault took place. Rather, Plaintiff was assaulted by an inmate after Plaintiff asked to be reimbursed for coffee the inmate had borrowed. (*See* Doc. 14 at 8 ¶¶ 2-4). There are no facts indicating that the inmate was a gang member, or that indicate Doe 1 knew there was a heightened risk of such an assault when he assigned Plaintiff to Building 4. To the extent Plaintiff contends that Doe 1 assigned him to Building 4 knowing he would be financially "taxed" by gang members in exchange for not being assaulted, (Doc. 17 at 4, noting that Plaintiff was "taxed" $35 per month by gang members), this is not the type of harm to which Eighth Amendment protections apply. *See Jones v. Mmadden*, 2023 WL 3829720, at *4 (S.D. Cal. June 5, 2023) ("Plaintiff must 'objectively show that he was deprived of something sufficiently serious[ ] and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's *health or safety*") (emphasis added) *quoting Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (internal quotations and citations omitted); *see also United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (stating the Eighth Amendment "requires that prison officials 'must take reasonable measures to guarantee the *safety* of the inmates.'") (emphasis added).

---

[1] This cause of action was not explicitly alleged as to Defendant Doe 1 in Plaintiff's operative complaint and the Court will not address in detail here.

Finally, the objections assert that Plaintiff's failure to comply with the Government Claims Act should not bar his claim based on prison officials' failure to return or locate his property. (Doc. 17 at 8-9). Indeed, "[c]laim presentation may not be required . . . for plaintiffs whose 'property [was] lost and cannot be returned due to the government's own negligence' and who only seek 'specific recovery of his personal property or its value.' This latter category of plaintiffs can seek redress directly by filing a petition for a writ of mandamus." *Sanchez v. Lerdo Kern Cnty. Det. Facility*, 2015 WL 1345808, at *5 (E.D. Cal. Mar. 23, 2015) (*quoting Escamilla v. CDCR*, 141 Cal. App. 4th 498, 509–513 (2006) (prisoner whose personal effects had been discarded by prison staff was not required to present claim, even though he would be recovering value of possessions, not possessions themselves). Because Plaintiff seeks recovery of his property or its value, rather than money damages, the Court agrees that Plaintiff's claim is not subject to the GCA and that he may be able to pursue such a claim through a petition for a writ of mandamus. However, this Court lacks jurisdiction to entertain such a petition because Defendants are state, rather than federal employees. *See Jones v. Phifer*, 2020 WL 4003581, at *1 (E.D. Cal. July 15, 2020) (denying petition for writ of mandamus against state prison officials based on lack of jurisdiction). Thus, Plaintiff must pursue such an action in state court.

For the reasons set forth above, the Objections do not articulate a cognizable basis for rejecting the findings and recommendations. Thus, the Court **ORDERS**:

1. The Findings and Recommendation, filed on October 30, 2023 (Doc. 16), are **ADOPTED IN FULL**.

2. This action is returned to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __**December 19, 2023**__

UNITED STATES DISTRICT JUDGE