UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE BEAVERS,<br><br>            Plaintiff,<br><br>     v.<br><br>OFFICER HOSEY, et al.,<br><br>            Defendants. | Case No.  1:21-cv-00650-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 27) |

Pending before the Court is Plaintiff's second motion to appoint counsel. (Doc. No. 27). Plaintiff, a state prisoner, is proceeding pro se and *in forma pauperis* on his First Amended Complaint. (Doc. Nos. 6, 13).  Plaintiff's case is currently scheduled for a settlement conference before Magistrate Judge Erica P. Grosjean for July 30, 2024.  (Doc. No. 25).  The Court previously denied Plaintiff appointment of counsel by order dated September 10, 2021. (Doc. No. 11).

As previously pointed out in its September 10, 2021 order, the United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  While this Court has discretionary authority under 28 U.S.C. § 1915(e)(1) to appoint counsel for an indigent person to commence, prosecute, or defend a civil action, this discretion is exercised only upon a showing of "exceptional circumstances." *United States v.*

*McQuade*, 519 F.2d 1180, 1181 (9th Cir. 1978). The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims pro se in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520,1525 (9th Cir. 1997).

      Plaintiff at this stage has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff's indigency does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants."). Challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). Moreover, while the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness. *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010). Further, contrary to Plaintiff contention, the factual and legal issues in his case are not particularly complex; the case centers on relatively straightforward failure to protect allegations against three correctional officers. The Court does not find the issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). Thus, Plaintiff has not demonstrated exceptional circumstances that warrant appointment of counsel at this stage of the proceedings. Furthermore, the Court has not yet entered a Discovery and Scheduling Order. Consequently, this case procedurally is at the earlier stages of litigation, so it is difficult for the Court to determine Plaintiff's likelihood of success on the merits. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Reed v. Paramo*, No. 18CV361-JLS (LL), 2020 WL 2767358, at *1 (S.D. Cal. May 28, 2020) (holding it was too early to determine plaintiff's likelihood of success on the merits because fact discovery

had not been completed). If Plaintiff's case progresses and his situation change where he can show exceptional circumstances, he may renew his motion.

Accordingly. it is **ORDERED**:

Plaintiff's motion requesting the appointment of counsel (Doc. No. 27) is DENIED without prejudice.

Dated:  July 18, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE