UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE BEAVERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER HOSEY, OFFICER MENDOZA, and OFFICER ESPINOSA,<br><br>　　　　　Defendants. | Case No.  1:21-cv-00650-HBK (PC)<br><br>ORDER FINDING MOOT PLAINTIFF'S CONSTRUED MOTION FOR EXTENSION OF TIME TO FILE RULE 59 MOTION<br><br>(Doc. No. 46) |

　　　　Pending before the Court is Plaintiff's motion for extension of time filed February 11, 2025.  (Doc. No. 46, "Motion").  Plaintiff seeks an extension of time, until February 24, 2025, to file objections pursuant to Federal Rule of Civil Procedure 72 to the undersigned's January 29, 2024 Order granting Defendants Mendoza and Espinoza's exhaustion-based motion for summary judgment.  Because the parties consented to U.S. Magistrate Judge jurisdiction, the Court construes Plaintiff's Motion as a motion for extension of time to file a motion for reconsideration under Federal Rule of Civil Procedure 59(e).

　　　　 Plaintiff may seek reconsideration of the Court's January 29, 2025 Order under either Federal Rule of Civil Procedure 59 or  Rule 60.  A Rule 59 motion must be filed within twenty-eight (28 days) of judgment.  Fed. R. Civ. P. 59(b).  However, pursuant to Federal Rule of Civil Procedure 6(b)(2), the Court may not extend Plaintiff's time to act under Federal Rule of Civil Procedure 59(e).  Fed. R. Civ. P. 6(b)(2); *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir.

1993) (affirming the district court denial of extension to file Rule 59 motion because the court "had no power to extend the time for filing a Rule 59(e) motion"). Thus, any Rule 59(e) motion must be filed no later than February 26, 2025. Consequently, if Plaintiff files his motion for reconsideration on or before February 26, 2025, the Rule 59 motion will be timely. Thus, Plaintiff's Motion seeking an extension until February 24, 2025 to file a Rule 59(e) motion is unnecessary.

Alternatively, a Rule 60 motion must be filed within a "reasonable time" after entry of the challenged judgment or order, and if brought under certain grounds,[1] it must be filed no more than a year after the challenged judgment or order. Fed. R. Civ. P. 60(c)(1). Thus, if filed after February 26, 2025, the motion will be construed as a motion under Federal Rule of Civil Procedure 60(b). *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see also, Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for extension of time (Doc. No. 46) is moot.

2. Plaintiff must deliver his motion for reconsideration under Rule 59 to correctional officials for mailing **no later than February 26, 2025**.[2] A motion filed after that date, will be considered as brought under Rule 60(b).

Dated:   February 20, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* Fed. R. Civ. P. 60(b)(1), (2), and (3).

[2] The prison mailbox rule applies to an inmate's Rule 59 motion. *See Atzet v. Paramo*, No. 2:17-cv-01399-MCE-KJN, 2018 U.S. Dist. LEXIS 96265, at *2 n.2 (E.D. Cal. Jun. 7, 2018); *Allah v. Rutledge*, 2020 WL 8410446, at *2 (C.D. Cal. Aug. 24, 2020); *Wilson v. Arizona*, 2019 WL 11025895, at *1 n.1 (D. Ariz. Apr. 4, 2019).

2