UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE BEAVERS,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER HOSEY, OFFICER MENDOZA, and OFFICER ESPINOSA,<br><br>Defendants. | Case No. 1:21-cv-00650-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 48, 50) |

Pending before the Court is Plaintiff Gary Lee Beaver's motion for reconsideration filed February 24, 2025. (Doc. Nos. 48, 50). Plaintiff seeks reconsideration of the Court's January 29, 2025 Order granting Defendants' exhaustion-based motion for summary judgment as to Defendants Mendoza and Espinosa. Defendants filed an Opposition to the Motion on March 17, 2025. (Doc. No. 50). Because Plaintiff filed the motion within 28 days of the final judgment being challenged, the Court construes the Motion as made pursuant to Federal Rule of Civil Procedure 59(e) to modify the judgment. *See* Fed. R. Civ. P. 59(e). For the reasons set forth below, the Court denies the Motion.

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted)

(quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (internal quotation marks omitted); *see also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Initially, Plaintiff improperly reasserts claims that were originally deemed to not be cognizable. (*See* Doc. Nos. 13, 18). These issues are unrelated to the issues that were addressed in the Court's January 29, 2025 Order. Thus, the Court will not address these extraneous arguments.

With respect to the issues addressed in the January 29, 2025 Order, the Motion primarily reasserts many of the same arguments that Plaintiff advanced in his Opposition to Defendants' Motion for Summary Judgment. Specifically, Plaintiff reargues that exhaustion should be deemed either unavailable or he should be excused from the exhaustion requirement because he was ordered to immediately submit a grievance, or he was not provided with a prison manual citing to *Albino v. Baca*, 747 F.3d 1162, 1173-75. (Doc. No. 48 at 11-12). The Court considered and rejected these arguments in its January 29, 2025 Order, distinguishing the facts in Plaintiff's case with *Albino*. (Doc. No. 45 at 14-15). Plaintiff also re-raises his argument that his later inclusion of Defendants Mendoza and Espinoza in his third-level appeal was sufficient to exhaust his administrative remedies citing *Hernandez v. Hernandez*, 2015 WL 2374262, at *4-*5 (E.D. Cal. May 17, 2015). Again, the Court considered and rejected this argument finding that, in addition to CDCR adhering to its regulations that prohibited the inclusion of additional claims and individuals at the third level, Plaintiff's initial grievance did not provide sufficient information as to any actions that could be construed as attributable to Mendoza and Espinoza

unlike *Hernandez*. (Doc. No. 45 at 16-17). As stated above, a motion for reconsideration is not a vehicle to reassert the same arguments that have already been raised in the prior pleading and rejected. *Backlund,* at 1388. Thus, the Court finds these arguments unavailing to grant reconsideration.

For the first time, Plaintiff argues that the last line in his grievance should have alerted correctional officials of his claims against Defendants Mendoza and Espinosa when he stated, "This porter has bragged that officers tell him all the inmate charges so he can threaten them." (Doc. No. 48 at 8). First, Plaintiff did not advance this argument in his Opposition to Defendants' Motion for Summary judgment. Thus, such an argument may not be raised for the first time in a motion for reconsideration. *Marlyn Nutraceuticals, Inc*., 571 F.3d at 880. Furthermore, the Court finds this vague reference to "officers" is wholly insufficient to place officials on notice of Plaintiff's claims against Defendants Mendoza and Espinosa.

Finally, Plaintiff fails to set forth facts showing that manifest injustice would result if the Court were to deny his motion. "Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any 'error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary.'" *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, 2018 WL 4945214, at *20 (D. Or. Aug. 22, 2018); *see also In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Banks. C.D. Cal. 2003) (citing Black's Law Dictionary 563 (7th ed. 1999)) (defining manifest injustice under Rule 59(e)). "Manifest injustice," as it pertains to Rule 59(e), is not to be used as a Trojan Horse to breach a court order for a second chance at litigating the same issue. *All. for Wild Rockies v. United States Forest Serv*., 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020). Plaintiff has not set forth any facts to indicate a "direct, obvious and observable" error in the trial court that would constitute manifest injustice. Thus, he fails to meet his burden to justify reconsideration on that basis.

Ultimately, Plaintiff's motion consists of reasons why he failed to name either Defendant Mendoza or Espinosa in his grievance. Plaintiff fails to present any newly discovered evidence, show that the Court committed clear error, or argue an intervening change in controlling law that

would necessitate alteration or amendment of the judgment. *Wood*, 759 F.3d at 1121. Rather, Plaintiff merely disputes the findings of the Court and contends that his failure to name either Defendant was due to excusable neglect or should be excused, which, as noted above, is insufficient to support the relief requested. *See Gates v. Colvin*, 2017 WL 8220232, at *1 (C.D. Cal. Sept. 5, 2017) ("Mere disagreement with the result does not justify the filing of a Rule 59(e) motion.") (citing *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)); *see also Mendoza*, 2023 WL 6050581 at *2.

Accordingly, it is hereby ORDERED:

Plaintiff's Motion for Reconsideration (Doc. Nos. 48, 50) is DENIED.

Dated: April 1, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE