UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE BEAVERS,<br><br>                Plaintiff,<br><br>    v.<br><br>OFFICER HOSEY,<br><br>                Defendant. | Case No. 1:21-cv-00650-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY WITHOUT PREJUDICE<br><br>(Doc. No. 53)<br><br>ORDER DEFERRING RULING ON PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. No. 55) |

      Pending before the Court is Plaintiff Gary Lee Beaver's Motion to Extend Discovery filed April 21, 2025. (Doc. No. 53, "discovery motion"). Plaintiff seeks a 90-day extension to the May 29, 2025 discovery deadline. Plaintiff states the extension is necessary because "some" of defense counsel's discovery responses were non-responsive, including requests concerning Officers Espinosa and Mendoza, and that he never received Defendant's discovery requests sent on February 18, 2025.[1] (*Id.*).

      Defendant filed an opposition to the Motion on April 29, 2025. (Doc. No. 54).

---

[1] Defendant states that Plaintiff's mail log reflects that he received and signed for incoming mail from defense counsel's office on February 18 and 24, 2025, which is consistent with when Defendant served the discovery request. (Doc. No. 54 at 7). To the extent Plaintiff maintains he did not receive the requests, he should contact defense counsel and request a duplicate copy.

1 Defendants argue that Plaintiff fails to articulate good cause, fails to show diligence, and
2 improperly seeks discovery from dismissed defendants. (*Id*.). Specifically, Defendant asserts
3 that (1) any new discovery requests are untimely, (2) Plaintiff is not entitled to discovery from
4 non-parties Espinosa and Mendoza, (3) Plaintiff failed to identify any deficiencies in Defendant's
5 responses, (4) Defendant propounded discovery requests on February 18, 2025, but Plaintiff
6 failed to timely respond, and (5) defense counsel attempted to meet and confer on April 14, 2025,
7 but Plaintiff refused to engage. (*See generally*, *id*.). Thus, Defendants oppose any further
8 extension to the deadline but, requests in the alternative if the Court grants an extension, that any
9 extension be limited to motions to compel and Plaintiff's deposition. (*Id*. at 2).

On May 12, 2025, Plaintiff filed a motion to compel discovery. (Doc. No. 55, "compel motion"). Plaintiff moves to compel the production of certain information and various records, including incident reports, personnel files, and witness information, arguing that Defendants had improperly withheld relevant materials.[2] Plaintiff asserts that certain discovery requests were sent to defendants, however, Plaintiff does not "expect them to comply." (*Id*.). Defendant's response to the compel motion is not yet due.

**BACKGROUND**

On July 31, 2024, the Court entered an amended scheduling order directing the parties to complete non-expert discovery by May 29, 2025, and advising that "Motions to compel should be filed promptly after the non-receipt or receipt of the objectionable discovery; and, in all cases no later than ten (10) days before the non-expert discovery deadline expires." (Doc. No. 34 at 3-4). Further, the Court requires the parties to **"meet and confer, via correspondence or telephonically, to resolve any discovery dispute <u>prior</u> to filing any discovery motion."** (*Id*. at 2 (emphasis original)).

On January 29, 2025, the Court granted Defendants Mendoza and Espinoza's exhaustion-

---

[2] Upon review of Plaintiff's Motion to Compel, the Court notes that certain requests—such as those related to Officer Hosey's disciplinary history—*may* be relevant and unavailable by other means. However, certain requests seeking broad institutional records regarding porter assignments and prison-wide violence *may* exceed the scope of permissible discovery. The Court has no information indicating whether Plaintiff has previously propounded this specific discovery request.

based Motion for Summary Judgment, leaving Defendant Hosey as the only remaining Defendant. (Doc. No. 45 at 19). On April 1, 2025, the Court denied Plaintiff's motion for reconsideration of the January 29, 2025 Order. (Doc. No. 52).

## ANALYSIS

With regards to Plaintiff's discovery motions, Fed. R. Civ. P. 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the original time. Additionally, Fed. R. Civ. P. 16(b)(4) permits a court to modify a scheduling order for good cause shown and with the judge's consent. Plaintiff filed his motions prior to the previous filing deadline. However, Plaintiff has not identified any discovery requests he has submitted to Defendant that are pending a response or otherwise identify any outstanding discovery. *See Palmer v. Crotty*, 2010 WL 4279423, at *1 (E.D. Cal. Oct. 22, 2010) (denying motion for extension of discovery where plaintiff failed to articulate any good cause). Because Plaintiff has not set forth any good cause for the proposed extension, the Court will deny the discovery motion without prejudice. Should Plaintiff wish a further extension of the discovery deadlines he should contact defense counsel and attempt to first obtain a stipulation for the extended time should he be able to show good cause for a further extension of time.

With regards to the motion to compel, fatal to the motion is Plaintiff's failure to include a certification that he has meet and conferred with defendant prior to filing the motion. Under the Federal Rules of Civil Procedure and local rules of this Court, a party must confer or attempt to confer with the opposing party to resolve a discovery dispute before filing a motion to compel. Fed. R. Civ. P. 37(a)(1); *see also* Local Rule 251(b). *See also* Doc. No. 34 at 2-3 (appraising the parties of the meet and confer requirement). Because Plaintiff failed to comply with the meet and confer requirement before filing his motion to compel, the compel motion is facially deficient, and the Court may deny it on that basis.

Nonetheless, in the interests of efficiency, the Court will defer ruling on the motion to permit the parties to meet and confer telephonically to clarify and attempt to resolve the disputed discovery issue before ruling on the motion. If the parties cannot fully resolve their discovery disputes, they shall file a joint statement outlining the disputed discovery issues and their respective

positions on each dispute. After reviewing the joint statement, the Court will, if necessary, schedule a telephonic hearing on the discovery dispute.

Accordingly, it is now **ORDERED**:

1. Plaintiff's Motion to Extend Discovery (Doc. No. 53) is DENIED without prejudice.
2. The Court defers ruling on Plaintiff's Motion to Compel (Doc. No. 55) and directs the parties to meet and confer as set forth herein.
3. The parties shall telephonically meet and confer in good faith to attempt to resolve the outstanding discovery dispute no later than June 16, 2025.
4. If the parties resolve their discovery disputes, they shall promptly file a notice with the Court.
5. If the parties are not able to resolve their discovery dispute, they shall file a joint statement, not to exceed six pages (three pages per party), outlining which items of discovery remain in dispute no later than June 30, 2025. Not more than six pages in exhibits (three pages per party) may be attached to the joint statement.
6. Upon review of the joint statement, the Court, if necessary, will schedule this matter for a telephonic hearing on the discovery dispute.
7. Defendant is NOT required to file a separate response to the Motion to Compel.

Dated:    May 23, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE