UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE BEAVERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER HOSEY,<br><br>　　　　　Defendants. | Case No.　1:21-cv-00650-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE<br><br>(Doc. No.　69) |

　　　　Pending before the Court is Plaintiff's Motion for Judicial Notice filed on September 24, 2025. (Doc. No. 69). Plaintiff requests the Court to take Judicial Notice that Defendant Hosey cannot cite to unpublished opinions in opposition[1] to Plaintiff's discovery motion. (Doc. No. 69 at 1). In support of his contention, Plaintiff cites to Cal. R. Ct. 1115(a) and *State Farm Mut. Auto. Ins. Co. v. Penske Truck Leasing Co., L.P.*, No. 20-55893, 2021 WL 4810642 (9th Cir. Oct. 15, 2021). (*Id*. at 1).

　　　　Plaintiff appears to be referring to two unreported cases (*Randall E. Ellis v. Steven Cambra, Jr.*, et al, 2008 WL 860523 and *John Roettgen v. Foston, et al*., 2016 WL 1191155) as the objectionable unpublished cases Defendant cites. (*See* Doc. No. 68 at 11, noting that these

---

[1] The Court understand this to mean Defendant's Statement Re Discovery Disagreement filed on September 15, 2025 (Doc. No. 68).

two unreported cases were served on Plaintiff).[2]

Nonetheless, the case Plaintiff cites involves a federal court applying California state law in a contract action that is governed by state law.  There, the Ninth Circuit recognized that California law "prohibits other courts from citing its unpublished cases" but notes that federal courts "are not precluded from considering unpublished opinion[s]." *State Farm Mut. Auto*, No. 20-55893, 2021 WL 4810642 at *2.  Furthermore, a review of Defendant's opposition reveals no citation to a California unpublished opinion.  Indeed, Defendant cites to only published federal court opinions.  (*See* Doc. No. 68 at 2).  And, while not binding authority, federal courts may look to unpublished cases issued after January 1, 2007 as persuasive authority.  *See* Fed. R. App. Proc. 32.1 (stating that a federal court may not prohibit the citation to opinions that have been designated "unpublished" that were issued after January 1, 2007); *see also Cont'l W. Ins. Co. v. Costco Wholesale Corp.,* 2011 WL 3583226, at *3 (W.D. Wash. Aug. 15, 2011) (rejecting motion for reconsideration based on court's citation to unpublished federal district court opinions because FRAP 32.1 authorizes such citations and "the distinction between 'published' and 'unpublished' federal district court decisions is meaningless" in light of how district court cases are published and unpublished).

   Accordingly, it is **ORDERED**:

   Plaintiff's Motion for Judicial Notice (Doc. No. 69) is **DENIED**.

Dated:    October 15, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the terms may be used interchangeably, there is a distinction.  An unreported case is a case that has not been published in a hard-copy reporter.  An unpublished case is an opinion that a court has explicitly chosen not to publish and generally are considered persuasive as opposed to binding authority.  This Court's Local Rules require a party to serve on an incarcerated pro se parties a paper copy of a case that has not been reported in one of the federal reporters, even if available on Westlaw/Lexis.  Local Rule 133(i)(3)(ii).