1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GARY LEE BEAVERS,                          Case No.  1:21-cv-00650-HBK (PC)

12               Plaintiff,                       ORDER GRANTING IN PART AND
                                                  DENYING IN PART PLAINTIFF'S MOTION
13         v.                                     TO COMPEL

14    OFFICER HOSEY,                              (Doc. No.  55)

15               Defendant.

16

17         Pending before the Court is Plaintiff Gary Lee Beavers' Motion to Compel Discovery

18    filed May 12, 2025.  (Doc. No. 55, "motion").  For the reasons set forth herein, the Court grants

19    the motion in part, denies the motion in part, and resets the pre-trial dispositive motion deadline

20    to December 15, 2025.

21                          **PROCEDURAL BACKGROUND**

22         On May 23, 2025, prior to Defendant's response due date, the Court entered an order

23    deferring a ruling on the motion and ordering the parties to meet telephonically and confer in

24    good faith to resolve the outstanding discovery dispute.[1]  (Doc. No. 56 at 4).  If the parties were

25    unable to resolve the discovery dispute, they were directed to file a joint statement, not to exceed

26

27

28

---

[1] As pointed out by the Court, Plaintiff's did not include a certification that he had met and conferred with defendant prior to filing the motion.  (Doc. No. 56 at 3:17-18).

1    six pages, outlining which items remained in dispute.  (*Id*. at 4, ¶ 5).[2]  In contravention to the

2    Court's order to file a <u>joint</u> statement, Plaintiff filed a separate statement on September 11, 2025.

3    (Doc. No. 67).  In his statement, Plaintiff avers Defendant has not complied with any of the

4    previous requested discovery.  (*Id*. at 1).  Instead of identifying the specific document requests

5    that remain in dispute, Plaintiff listed "three areas" of discovery that Defendant "refused to

6    disclose."  (*Id*. at 2).

7         Defendant Hosey filed a statement opposing Plaintiff's motion on September 15, 2025.

8    (Doc. No. 68).  Defendant attached the declaration of counsel attesting to the various meet and

9    confer efforts with Plaintiff regarding the discovery dispute.  (Doc. No. 68-1).  Counsel for

10   Defendant attests that over 400 pages of documents were produced to Plaintiff in its initial

11   production, and another 100 pages of documents were produced in its supplemental production.

12   (Doc. No. 68-1, ¶¶ 5, 14).  In addressing Plaintiff's motion, Defendant points out that Plaintiff's

13   "motion improperly expands the scope of several" of Plaintiff's requests.  (Doc. No. 68 at 2).

14   Defendant then turns and addresses each of the 11 areas of discovery requested by Plaintiff in his

15   motion.  (*Id*. at 2-12).  Thereafter, as directed by the Court, Defendant filed Plaintiff's original

16   Requests for Production ("RFP"), Defendant's initial responses to Plaintiff's RFP, and

17   Defendant's Supplemental responses to Plaintiff's RFP.  (Doc. No. 72, Exhibit A, Exhibit C, and

18   Exhibit C, respectively).  Defendant also submitted for inspection the Declaration of N. Ibarra in

19   Support of Privilege Log in Response to Plaintiff's First Set of Request for Production (Doc. No.

20   72 at 29-34) and accompanied Privilege Log (Doc. No. 72 at 35), as well as the Declaration of N.

21   Ibarra in Support of Supplemental Privilege Log in Response to Plaintiff's First Set of Request

22   for Production (Doc. No. 72 at 61-71) and accompanied Supplemental Privilege Log (Doc. No.

23   72 at 69).

24       ////

25       ////

26       ////

27

28   ---
     [2] In the interim, the parties met for a settlement conference on August 4, 2025 that resulted in an impasse.
     (*See* Doc. No. 65).

2

1   **APPLICABLE LAW AND ANALYSIS**

2   **A.  Legal Standard**

3
    Federal Rule of Civil Procedure 26 provides:
4

5   parties may obtain discovery regarding any non-privileged matter that is relevant to
    any party's claim or defense and proportional to the needs of the case, considering
6   the importance of the issues at stake in the action, the amount in controversy, the
    parties' relative access to relevant information, the parties' resources, the
7   importance of the discovery in resolving the issues and whether the burden or
    expense of the proposed discovery outweighs its likely benefit.
8

9   Fed. R. Civ. P. 26(b)(1).  Although broad, "the scope of discovery is not without limits."

10  *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal.

11  2015).  The Court "must limit" irrelevant, overly broad, unduly burdensome, cumulative or

12  disproportional discovery. Fed. R. Civ. P. 26(b)(2)(C).  Whether to permit or deny discovery is

13  left to the Court's "broad" discretion.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

14      Pursuant to Rule 34, a party may request documents "in the responding party's possession,

15  custody, or control."  Fed. R. Civ. P. 34(a)(1).  The responding party must respond in writing and

16  is obliged to produce all specified relevant and non-privileged documents, tangible things, or

17  electronically stored information in its "possession, custody, or control" on the date specified.  *Id.*

18  A requesting party that is dissatisfied with discovery responses made under the federal rules may

19  move to compel further responses pursuant to Rule 37(a). Fed. R. Civ. P. 37(a).  An "incomplete

20  disclosure, answer, or response must be treated as a failure to disclose, answer or respond."  Fed.

21  R. Civ. P. 37(a)(4).  "The moving party bears the burden of demonstrating 'actual and substantial

22  prejudice' from the denial of discovery."  *Hasan v. Johnson*, 2012 WL 569370 *2 (E.D. Cal. Feb.

23  21, 2012) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

24      Certain documents may be withheld based upon privilege.  The Ninth Circuit recognizes a

25  qualified privilege for official information.  *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 511

26  F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394 (1976).  However, the qualified privilege is

27  "contingent upon the competing interests of the requesting litigant and subject to disclosure

28  especially where protective measures are taken . . . ."  *Id.*  Under this privilege, a "court must

3

1   balance the government's interest in protecting official information from disclosure against the

2   plaintiff's need for the information." *Edwards v. Cnty. of Los Angeles*, No. CV 08-07428

3   GAF(SSx), 2009 WL 4707996, at *3 (C.D. Cal. Dec. 9, 2009).  In civil rights cases such as this,

4   the balancing test is "moderately pre-weighted in favor of disclosure." *Kelly v. City of San Jose*,

5   114 F.R.D. 653, 661 (N.D. Cal. 1987).  However, before a court may engage in this balancing, the

6   party invoking the privilege must make a "substantial threshold showing" that the privilege

7   applies.  *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting *Kelly*, 114

8   F.R.D. at 669).  The party asserting the privilege must submit a declaration or affidavit from a

9   responsible official with personal knowledge of the matters to be attested to in the affidavit.  *Id.*

10   "The claiming official must 'have seen and considered the contents of the documents and himself

11   have formed the view that on grounds of public interest they ought not to be produced' and state

12   with specificity the rationale of the claimed privilege." *Kerr*, 511 F.2d at 198.  The affidavit must

13   include:

14

15       (1) an affirmation that the agency generated or collected the material in issue and
         has maintained its confidentiality; (2) a statement that the official has personally
16       reviewed the material in question; (3) a specific identification of the governmental
         or privacy interests that would be threatened by disclosure of the material to
17       plaintiff and/or his lawyer; (4) a description of how disclosure subject to a
         carefully crafted protective order would create a substantial risk of harm to
18       significant governmental or privacy interests, and (5) a projection of how much
         harm would be done to the threatened interests if disclosure were made.
19

20   *Soto*, 162 F.R.D. at 613 (quoting Kelly, 114 F.R.D. at 670).

21       The party resisting discovery must specifically describe how disclosure of the requested

22   information in that case would be harmful.  *Soto*, 162 F.R.D. at 613-14.  If the opposing party

23   fails to meet the threshold burden requirement of establishing cause to apply the privilege, the

24   privilege will be overruled.  *Chism v. County of San Bernardino*, 159 F.R.D. 531, 533 (C.D. Cal.

25   1994).  Ordinarily, a "party asserting an evidentiary privilege has the burden to demonstrate that

26   the privilege applies to the information in question." *Tornay v. United States*, 840 F.2d 1424,

27   1426 (9th Cir. 1988) (citing *United States v. Hirsch*, 803 F.2d 493, 496 (9th Cir. 1986)); *In re*

28

1     *Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011)

2     (explaining that "the party opposing disclosure has the burden of establishing that there is good

3     cause to continue the protection of the discovery material").

4     **ANALYSIS**

5          Critical to whether the requested discovery falls within the ambit of Rule 26 is nature of

6     the claims at issue in this case.  Here, this action proceeds on Plaintiff's single Eighth

7     Amendment failure to protect claim against the remaining one Defendant—Defendant Hosey.

8     Specifically, Plaintiff alleges Defendant Hosey allowed inmate Price , who was a porter, to enter

9     Plaintiff's cell and assault him despite knowing of inmate Price's violent history and violent

10     intentions towards Plaintiff.

11          Plaintiff's  motion identifies 11 document requests and why the requested documents are

12     relevant to Plaintiff's claim.  (*See generally*, Doc. No. 55).  However, the motion does not address

13     why Defendant's responses are deficient and/or why Defendant's objections are not justified.  A

14     motion, in addition to identifying why the requested discovery is relevant, must identify why the

15     response or the basis of the objections lodged by another party are not valid.  *See Christ v.*

16     *Blackwell*, 2011 WL 3847165, at *2 (E.D. Cal. Aug. 30, 2011); *Ellis v. Cambra*, 2008 WL

17     860523 (E.D. Cal. Mar. 27, 2008).  Accordingly, the motion is arguably facially deficient and the

18     Court may deny it on that basis alone.

19          Nonetheless, given Plaintiff's pro se status, the Court will turn to the merits of the motion.

20     In doing so, the Court  has reviewed Plaintiff's motion (Doc. No. 55), his statement in support of

21     his discovery requests (Doc. No. 67), Defendant's statement re: discovery disagreement (Doc.

22     No. 68), Plaintiff's initial Request for Production ("RFP") (Doc. No. 72, Exh. A), Defendant's

23     responses thereto (Doc. No. 72, Exh. B), as well as Defendant's supplemental responses (Doc.

24     No. 72, Exh. C),  with accompanying Declarations and Privilege Logs.  To the extent the

25     discovery sought in Plaintiff's motion differs from the discovery sought in his document requests,

26     the discovery sought in Plaintiff's RFP control.

27          ////

28          ////

1    Plaintiff's motion identifies the following 11 document requests.  (*see* Doc. 55)

2        Plaintiff's Document Request 1:

3        "Please provide the full names, cell number and CDCR number for
         all inmates housed in my building, building #3, on the day of the day
4        of inmate Price's assault on me, 4/7/2019.  Please note the names of
         all porters.  (Doc. No. 55 at 2).
5
         Plaintiff claims that "[t]he information I have requested is available
6        in the database CDCR keeps on all prisons."  (Doc. No. 67 at 2).

7        Defendant's Response:

8        Contrary to Plaintiff's Motion, Plaintiff's first RPD sought
         information pertaining to the inmates housed in his building at the
9        time of the incident, not the names of porters. Defendant timely
         responded to the request by advising Plaintiff that no responsive
10       documents were located. During several meet and confer
         conversations, defense counsel repeated this response and advised
11       Plaintiff that Wasco State Prison databases did not retain information
         regarding what inmates were housed in a certain building during a
12       certain time frame. Defendant is not required to prepare a document
         that does not already exist. Roettgen v. Foston, No. 13CV1101-GPC-
13       BGS, 2016 WL 11911155, at *2 (S.D. Cal. May 4, 2016). As part of
         meet and confer efforts, Defendant mailed Plaintiff the names of his
14       two prior cellmates even though not specifically requested in any
         discovery request. (Doc. No. 68 at 2).
15

16       Initially, the Court notes that Plaintiff's original RFP did not ask for the names of the

17   porters.  Thus, to the extent that the porters are not housed in building #3, this additional request

18   is beyond the information Plaintiff's originally requested.

19       In response to the request, Defendant stated that no such document exists.  A court cannot

20   order a party to produce documents that do not exist.  A party's mere suspicion that additional

21   documents must exist is an insufficient basis to file a motion to compel. *See Bethea v. Comcast*,

22   218 F.R.D. 328, 330 (D. D.C. 2003).  Rather, the moving party must have a colorable basis for its

23   belief that relevant, responsive documents exist and are being improperly withheld.  *See Carter v.*

24   *Dawson*, 2010 WL 4483814, at *5 (E.D. Cal. Nov. 1, 2010) (representation by defendants that

25   they are unable to locate responsive documents precludes the grant of a motion to compel "unless

26   Plaintiff can identify a specific document that Defendants have withheld"); *Ayala v. Tapia*, 1991

27   WL 241873, at *2 (D. D.C. Nov. 1, 1991) (denying motion to compel where moving party could

28   not identify withheld documents).  Plaintiff's belief that CDCR has this information stored in a

1  database is not enough to overcome Defendant's statement that no responsive document was

2  found.

3          Plaintiff contends "[t]his information is in a database" and suggests that such a document

4  can be obtained by a "tech employee."  (Doc. No. 55 at 2).  Rule 34 permits a party to request

5  documents in the responding party's possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).

6  The Rule has been interpreted to mean that a party must produce only documents that are already

7  in existence. *Alexander v. F.B.I.*, 194 F.R.D. 305, 310 (D.D.C. 2000).  A party is not required to

8  create new documents solely for their own production. *Id.*; *see also Goolsby v. Carrasco*, 2011

9  WL 2636099 *20-21 (E.D. Cal. July 5, 2011) (finding a document request asking for the names

10  of employees who supervised the prison cage yard is not a proper request under Rule 34);

11  *Robinson v. Adams*, 2011 WL 2118753 *53 (E.D. Cal. May 27, 2011) (denying plaintiff's motion

12  to compel responses to a document request seeking the names of prison employees working in

13  building two during a certain time period because the request did not seek an identifiable

14  document).  Accordingly, Defendants are not required to create a list of all inmates by name, cell

15  number, CDCR number and their current location within CDCR and the Court will deny

16  Plaintiff's motion regarding Document Request No. 1.

17          Plaintiff's Document Request No. 2:

18          Please provide the information in Officer Hosey's personnel file, to
            include all complaints, 602's, reports and recommendations,
19          interviews, and all disciplinary actions or warnings as these items
            pertain to:
20
            1) allegations of use of illegal, unnecessary or excessive force against
21          a prisoner; 2) perjury; 3) falsifying evidence; 4) false statements; 5)
            criminal convictions; 6) admonishments; 7) suspensions; 8) drug use;
22          9) falsifying documents; 10) tampering with evidence; 11)
            destroying evidence; 12) failure to protect; 13) aiding or abetting any
23          of the above activities.  (Doc. No. 55 at 3).

24          Defendant's Response:

25          Contrary to Plaintiff's Motion, Plaintiff's second RPD sought the
            personnel file of Defendant Hosey and the two dismissed
26          Defendants. Defendant responded to this request with appropriate
            objections including the official information privilege and provided
27          a declaration noting safety and security concerns for the production
            of certain records. Defendant narrowed the scope of the overbroad
28          request to seek documents pertaining to any investigation or

1
2
3
4
5
6

discipline Defendant received related to failure to protect for the five years prior to the incident and identified those records on a privilege log. (See Ex. B.) Defendant also noted that, besides the documents identified in the privilege log, no other responsive documents were located. The Motion seeks new documents regarding allegations of excessive force, perjury, criminal convictions, admonishments, and drug abuse which exceed the scope of permissible discovery because any such documents are not relevant to any claim or defense in this case. Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 404(b). Further, this request seeks information that is privileged and confidential. (Doc. No. 68 at 2-3).

7    The Court grants in part and denies in part Plaintiff's motion regarding Document Request

8    No. 2.  The Court denies the motion to the extent Plaintiff seeks additional documents for the first

9    time in his motion regarding allegations of excessive force, perjury, criminal convictions,

10   admonishments, and drug abuse by Defendant Hosey that were not included in Plaintiff's initial

11   RFP No. 2.  Further, the Court finds that Plaintiff's document requests for "all" complaints and

12   grievances made against Hosey" is overboard and overly burdensome.  *See Brook v. Carey*, 352

13   Fed. App'x 184, 185-86 (9th Cir. 2009) (affirming the district court's denial of the plaintiff's

14   "motion to compel discovery of 'any and all grievances, complaints, or other documents

15   . . . concerning mistreatment of inmates'") (modifications adopted); *see also Nugget*

16   *Hydroelectric, L.P. v. Pacific Gas and Elec. Co*., 981 F.2d 429, 438-39 (9th Cir. 1992) (finding

17   the court is not required to compel discovery that is "unnecessarily burdensome and overly

18   broad," with minimal chance of relevance).

19   Defendant does not contest the relevance and proportionality of the narrowed request for

20   documents pertaining to any investigation or discipline Defendant received related to failure to

21   protect for the five years prior to the incident.  Indeed, courts have recognized in § 1983 actions

22   that evidence of other misconduct against a defendant may be used for purposes other than

23   character evidence, such as showing a pattern or practice of behavior. *Taylor v. O'Hanneson*, No.

24   11-CV-00538-LJO, 2014 WL 2696585, at *5 (E.D. Cal. June 13, 2014); *Ramirez v. County of Los*

25   *Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005).

26   Instead, Defendant objects to the producing the responsive documents (identified by bates

27   numbers AGOPRIV0001-AGOPRIV0031) based on confidentiality, official information

28   privilege, and the deliberative process privilege, citing California Code of Regulations, title 15,

1  sections 3321 and various state evidentiary code sections.  (Doc. No. 72 at 13, Exh. B; Doc. No.

2  72 at 35).[3]  While claiming "privilege," the Declaration in support of the privileges being asserted

3  makes clear that the thrust of Defendant's argument against production is confidentiality. (*See*

4  *generally*, Doc. No. 72 at 30-34).

5       At the outset, confidentiality is not a basis for withholding discovery.  Rule 26(1) exempts

6  only privileged documents, not confidential documents from discovery.  Regarding the state

7  evidentiary objections, discovery in federal court is governed by federal law, not a state's

8  regulatory scheme.  *See Kerr v. U.S. Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 197-98 (9th Cir. 1975).

9  Defendant does not provide any detail about the withheld documents.  Defendant provides no

10  facts as to how the responsive documents could affect the "safety and security of the institution,

11  staff and inmates."  (Doc. No. 72 at 33).  And general assertions that governmental interests

12  would be harmed by disclosure are insufficient to satisfy the *Kelly* burden.  *Soto*, 162 F.R.D. at

13  614.  Further, the Declaration contains only conclusory, vague and speculative concerns (the

14  confidential documents "*could* be subject to search and seizure," "*could* endanger the safety of

15  others as well as the safety of Plaintiff himself," "release of this information *could* also jeopardize

16  the security of any institution where inmates are being held.").  (Doc. No. 72 at  32-34).  Such

17  claims of vague and speculative risks do not satisfy the *Kelly* prongs.   Thus, Defendant has not

18  met his burden of showing the potential for harm outweighs the strong public policy in favor of

19  uncovering civil rights violations.  Plaintiff is unable to acquire such information by any other

20  means, and this information has a high degree of potential significance to Plaintiff's case.  As a

21  result, the Court finds that Plaintiff's narrowed request for any complaint, grievances, 602's,

22  reports and recommendations, investigation or disciplinary actions Defendant Hosey has received

23  related to any failure to protect claims for the five years prior to the incident is relevant,

24  proportional to the needs of the case, and not unreasonably vague, ambiguous, broad, or

25  burdensome.  Moreover, the Court finds that proper redactions and/or a protective order would be

26  sufficient to protect any confidential information produced in discovery.  *Soto*, 162 F.R.D. at 616

27

28
_____

[3] The same bates numbers are identified on the Supplemental Privilege Log.

1    ("carefully drafted" protective orders can "minimize the impact of . . . disclosure"); *Medina v.*

2    *Cnty. of San Diego*, No. 08cv1252 BAS (RBB), 2014 WL 4793026, at \*7 (S.D. Cal. Sept. 25,

3    2014) ("A protective order and the redaction of any highly personal information for which

4    Plaintiff has not shown a need will amply protect privacy interests.").[4]

5          Accordingly, Defendant's objections based on official-information privilege and

6    confidentiality are overruled and Defendant is ordered to produce the documents they have

7    identified in their Privilege Log as responsive to Plaintiff's Document Request No. 2.  As noted,

8    Defendant may redact from the responsive documents: (a)  any personal information that is

9    necessary to protect the privacy of inmates, officers, and other third-parties; (b) inmate

10   information that might compromise jail security, such as, but without limitation, gang affiliation,

11   conviction offenses, or medical issues;  (c) inmate information that is unrelated to this case; and

12   (d) any discussion that implicates security techniques and procedures.

13              Plaintiff's Document Request No. 3:

14              Provide the names and badge number for all officers and  staff
                involved in the medical treatment following the assault on me by
15              Price, including the sergeant(s) in the exam room, the nurse tending
                to the damage to my left eye (include her employer if other than
16              CDCR), the supervising sergeant and supervising lieutenant. (Doc.
                No. 55 at 3).
17
                Defendant's Response:
18
                Plaintiff's third RPD sought the names of the sergeant and nurse who
19              he met in the medical area after the assault, the personnel file for the
                sergeant, and the nurse's employer and mailing address. In response
20              to this request, Defendant asserted applicable objections and
                produced all documents that included the names of responding staff
21              who met with Plaintiff on April 7, 2019, after Price's assault.
                Defendant could not locate any records indicating a sergeant who
22              met with Plaintiff in the medical area. Plaintiff's Motion improperly
                expands the request to seek the names of all officers that worked on
23              April 7, 2019. (Doc. No. 68 at 4).

24

25   [4] No protective order has been requested nor entered in this case.  Thus, at this procedural stage, redactions
     are the only appropriate safeguard.  In the future, to avoid any security concerns relating to dissemination
26   of confidential and sensitive documents, counsel for CDCR might consider trying to reach an agreement
     with an inmate whereby these type of documents are provided to the litigation coordinator and provided to
27   the inmate for review and detailed notetaking, but retained by litigation coordinator and made available to
     the inmate as needed during the course of the litigation until concluded.
28

                                                        10

1    Again, to the extent Plaintiff requests additional documents in his motion that were not

2    included in Plaintiff's initial RFP No. 3, his motion is denied.  Further, as explained above,

3    Plaintiff is required to accept Defendant's response that he has provided all responsive

4    documents.  (*Id.*).  Thus, the Court denies Plaintiff motion regarding Document Request No. 3.

5                    Plaintiff's Document Request No. 4:

6    Please provide all Incident Reports, Supervisorial Reports, and any
     other and investigations regarding the assault on me by Price on
7    4/7/2019.  Include all interviews, especially with Price, regarding this
     matter, all criminal charges, 115 RVR's, and all punishments
8    incurred by Price.  (Doc. No. 55 at 4).

9                    Defendant's Response:

10   Plaintiff's fourth RPD sought investigative reports regarding his
     assault. Defendant produced a grievance response and supplemented
11   this response with a privilege log and supporting declaration
     identifying a rules violation report incarcerated person Price
12   received. Defendant objected on the grounds that confidential
     investigations may not be disclosed to inmates. (See Exhibit B.)
13   Plaintiff has not explained how these objections are improper. (Doc.
     No 68 at 3).

14

15         A review of Defendant response (Exhibit B) reveals that Defendant produced Plaintiff's

16   Second Level Decision (AGO 0374-0375), which includes the names of persons interviewed in

17   connection with the April 7, 2019 incident, and Notice of Unusual Occurrence (AGO 0376).

18   (Doc. No. 72 at 16).   Defendant, however, withheld documents deemed responsive (bates

19   numbers AGOPRIV0032-0040)  citing to the official information privilege, *inter alia.*  For the

20   same reasons, supra at Document Request No 2, the Court finds Defendant's objections to

21   producing other responsive documents unavailing.  The Court notes that Cal. Code of Regs., tit.

22   15§ 3370(b) permits an inmate to have access to a case records file with a court order.  *See* Cal.

23   Code Regs., tit. 15, § 3370 ("[e]xcept by means of a valid authorization, subpoena, or court order,

24   no inmate or parolee shall have access to another's case records file, unit health records, or

25   component thereof").  Defendant's reliance on state regulations to prohibit Plaintiff from

26   possessing any of the responsive documents is overruled.  Moreover, the Court finds that proper

27   redactions and/or a protective order would be sufficient to protect any confidential information

28   produced in discovery.  *Soto*, 162 F.R.D. at 616 ("carefully drafted" protective orders can

                                              11

1  "minimize the impact of . . . disclosure"); *Medina v. Cnty. of San Diego*, 2014 WL 4793026, at *7

2  (S.D. Cal. Sept. 25, 2014) ("A protective order and the redaction of any highly personal

3  information for which Plaintiff has not shown a need will amply protect privacy interests.").

4      The privileges and privacy rights asserted by Defendant are outweighed by the legitimate

5  discovery interests of Plaintiff, the policy of our national civil rights laws, and the need for an

6  efficient, fair, and transparent judicial process. *Parrish v. Solis*, 2014 WL 2466101 at *4 (N.D.

7  Cal. May 31, 2014).  Accordingly, Defendant's objections based on confidential investigation

8  information are overruled and Defendant is ordered to produce the documents responsive to

9  Plaintiff's Document Request No. 4 as identified in the Supplemental Privilege Log (Doc. No. 72

10  at 69).  As noted, Defendant may redact from the responsive documents: (a)  any personal

11  information that is necessary to protect the privacy of inmates, officers, and other third-parties;

12  (b) inmate information that might compromise jail security, such as, but without limitation, gang

13  affiliation, conviction offenses, or medical issues;  (c) inmate information that is unrelated to this

14  case; and (d) any discussion that implicates security techniques and procedures.

15      Plaintiff's Document Request No. 5:

16      Please provide the name of all porters for building #3 in the period
       of February 1, 2019 through May 1, 2019.  Include all reports and
17      recommendations for adding or removing any porter during this
       period of time.  Provide the name of the porter who replaced Proce
18      after he engaged in a fight.  Who was responsible for Price being
       reinstated? Was the porter who had replaced Price later charged with
19      a crime or RVR soon after Price was reinstated? (Doc. No. 55 at 4)

20      Defendant's Response:

21      Plaintiff's fifth RPD sought the identities of any incarcerated person
       who became a porter after inmate Price was removed as a porter
22      before the incident with Plaintiff. Defendant provided appropriate
       objections and advised Plaintiff that no responsive records were
23      located. Plaintiff's Motion expands this request to seek documents
       that include "who was responsible for Price being reinstated? Was
24      the porter who had replaced Price later charged with a crime or
       RVR." Defendant will not respond to belated discovery requests.
25      These are not proper document requests. Wasco State Prison did not
       retain these types of documents on volunteer porters. (Doc. No. 68
26      at 3-4).

27      As explained above, Plaintiff is required to accept Defendant's statement that no

28

1    responsive documents were located.[5]  (*Id.*).  Further, Plaintiff cannot expand the scope of his

2    original RFP No. 5 in his motion.  Therefore, Plaintiff's motion regarding Document Request No.

3    5 is denied.

4                    Plaintiff's Document Request No. 6:[6]

5            Please provide a listing of all fighting or assaults in buildings #C-2
        and #C-3 between October, 2018 through July 1, 2019.  Provide a
6        brief description of the incident and the date of the incident, building
        number, and use of rubber bullets or gas canisters and note any
7        injuries. Include a note of any charges that resulted from any of the
        fights.  (Doc. No. 55 at 4).
8
            Defendant's Response:
9
            Plaintiff's sixth RPD sought a list that required Defendant to prepare
10       new documents, including a list of fighting and assault incidents,
        which is improper under Federal Rule of Civil Procedure 34. See
11       Roettgen v. Foston, No. 13CV1101-GPC-BGS, 2016 WL 11911155,
        at *2 (S.D. Cal. May 4, 2016). Defendant made several objections,
12       including confidentiality and the official information privilege.
        Without waiving his objections, Defendant informed Plaintiff that no
13       document exists that includes that information. Plaintiff's motion
        does not challenge the adequacy of this response. No responsive
14       documents exist.  (Doc. No. 68 at 4)

15          Again, as explained above, Plaintiff is required to accept Defendant's statement that no

16   responsive documents were located.  (*Id.*).  Further, Defendant is not required to compile

17   documents that do not exist.  Therefore, Plaintiff's motion regarding Document Request No. 6 is

18   denied.

19                    Plaintiff's Document Request 7[7]

20           Please provide all training materials, CDCR Regulations, directives,
        and instructions to staff relating to the operation of electronic doors
21       of the inmate's cells. (Doc. No. 55 at 5).

22           Defendant's Response:

23           Defendant made several objections.  Defendant also produced
        several responsive documents to this request, including responsive
24       regulations, Plaintiff's facility's post orders, and the inmate
        orientation manual.  Plaintiff fails to identify how this response is
25       deficient."  (Doc. No. 68 at 4).

26   _____

27   [5] The information Plaintiff sought through his RFP is more akin to having been sought through
     interrogatories.
     [6] Identified in Plaintiff's RFP as RFP No. 7. (Exh. A, Doc. No. 72 at 5-6).
28   [7] Identified in Plaintiff's RFP as RFP No. 8. (Exh. A at, Doc. No. 72 at 6).

1    Plaintiff fails to explain how Defendant's supplemental response, which included the 2019

2  version of the California Code of Regulations, Title 15, section 3283 and 3274, and the 2019

3  Facility B Post Orders was not responsive or otherwise insufficient. *See Womack v. Virga*, 2011

4  WL 6703958, at *11 (E.D. Cal. Dec. 21, 2011) (explaining that the party seeking to compel

5  discovery "has the burden of informing the court why . . . the defendants' responses are

6  deficient"); *Walker v. Karelas*, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009) ("at a

7  minimum, the moving party plaintiff has the burden of informing the court . . . why he believes

8  the defendant's responses are deficient"). Therefore, Plaintiff's motion regarding Document

9  Request No. 7 is denied.

10    Plaintiff's Document Request No. 8[8]

11    Please provide all training materials, CDCR Regulations, directives,
      and instructions to staff on procedures to follow when an assault
12    results in the necessity of medical treatment for one of the inmates.
      Please note all required interviews of the combatants, requirement to
13    video any interviews, requirement for an investigation and the name
      of all required reports to be filed. Also provide the guideline used to
14    determine whether to refer charges for an assault. (Doc. No. 55 at
      5).
15
      Defendant's Response:
16
      Defendant objected on various grounds including overly broad and
17    vague, but still produced over 200 pages of documents. Defendant
      has complied with Plaintiff's request. Plaintiff fails to identify how
18    this response is deficient." (Doc. No. 68 at 4).

19
      Initially, the Court agrees that the request for "all" training materials, regulations in
20
   connection with assaults and the need for medical care is vague and overly broad. Nonetheless,
21
   Plaintiff fails to explain how Defendant's supplemental response, which included the 2019
22
   version of the California Code of Regulations, Title 15, Article 2: Security, the Department
23
   Operations Manual, Chapter 5, and the 2025 Operational Procedure 036 Emergency Medical
24
   Response Program, was not responsive or otherwise insufficient. *See Womack*, 2011 WL
25
   6703958, at *11; *Walke*, 2009 WL 3075575, at *1. Therefore, Plaintiff's motion regarding
26
   Document Request No. 8 is denied.
27

28  _____
   [8] Identified in Plaintiff's RFP as RFP No. 9. (Exh. A, Doc. No. 72 at 6).

1

Plaintiff's Document Request No. 9:[9]

2

3

4

5

Please provide all training materials, CDCR regulations, directives, and instructions to staff on procedures to appoint a porter. Please pay particular attention to the procedures to follow when a porter is involved in a fight or otherwise receives disciplinary action. Please include all items that would disqualify an inmate from serving as a porter, such as criminal charges, write-ups, assaults, fighting, theft, etc.

6

Defendants Response:

7

8

9

10

Plaintiff's ninth RPD related to procedures to appoint an inmate porter fails to explain what documents Defendant has not already produced. While Defendant made timely objections, Defendant also produced several documents, including regulations on inmate work and education as well as the 2019 inmate orientation manual. This response is not deficient. (Doc. No. 68 at 4).

11      Plaintiff once again fails to explain how Defendant's supplemental response, which

12  included the 2019 version of the California Code of Regulations, Title 15, Article 3: Work and

13  Education (§ 3040 to § 3041.3) (AGO 270-274), was not responsive or otherwise insufficient.

14  *See Womack*, 2011 WL 6703958, at *11; *Walke*, 2009 WL 3075575, at *1.  Therefore, Plaintiff's

15  motion regarding Document Request No. 9 is denied.

16

Plaintiff's Request No. 10

17

18

19

Please provide the name and badge number for all building C-3 tower officers for the second shift (6am to 2pm) for the month of April, 2019. Also provide the name and badge number of the building C-3 tower officer on duty at 11am on January 11, 2019. (Doc. No. 55 at 6).

20

Defendant's Response:

21

22

Plaintiff indicated to counsel that this request is no longer at issue. (Doc. No. 68 at 4).

23      Plaintiff does not include this request in his statement of remaining discovery. (*See* Doc

24  No. 67).  Consequently, the Court denies as moot Plaintiff's motion regarding Document Request

25  No. 10.

26

Plaintiff's Document Request No. 11:

27

28

---

[9] Identified in Plaintiff's RFP as RFP No. 10. (Exh. A, Doc. No. 72 at 6).

15

1
2
3

> Please provide all training materials, CDCR regulations, directives, and instructions to staff on procedures to distribute the commissary to the inmates.  Who is responsible for passing out the commissary and is a prison official responsible for reviewing and confirming the inmate has received his correct commissary? (Doc. No. 55 at 6).

4

> Defendant's Response:

5

> This request was not in Plaintiff's initial RFP.  (Doc. No. 68 at 4).

6
7
8
9

A review of Plaintiff's initial RFP no such document request.  Thus, Plaintiff may not compel it production by way of a motion.  Furthermore, the Court finds the request not relevant to Plaintiff's Eighth Amendment failure to protect claim against Defendant Hosey.  Thus, the Court denies Plaintiff's motion regarding Document Request No. 11.

10
11
12

The Court previously stayed the remaining deadlines in the Amended Case Management Order, including the July 30, 2025 dispositive motion deadline.  (Doc. No. 63).  The Court will reset the dispositive motion deadline to December 15, 2025.

13

////

14

////

15

Accordingly, it is ORDERED:

16
17

1.  Plaintiff's Motion to Compel Discovery (Doc. No. 55) is GRANTED in part and DENIED in part.

18

   a.  Plaintiff's Motion is GRANTED to Document Requests Nos. 2 and 4;

19
20

   b.  Plaintiff's Motion is DENIED as to Document Requests Nos. 1, 3, 5, 6, 7, 8, 9, and 11; and

21

   c.  Plaintiff's Motion is DENIED as moot as to Document Request No.10.

22
23
24
25
26
27
28

2.  Within fourteen (14) days of this Order, Defendant shall provide to Plaintiff the following documents Defendant deemed responsive but withheld (bates numbers AGOPRIV0001-31 and AGOPRIV0032-0040) with the following redactions: (a)  any personal information that is necessary to protect the privacy of inmates, officers, and other third-parties; (b) inmate information that might compromise jail security, such as, but without limitation, gang affiliation, conviction offenses, or medical issues;  (c) inmate information that is unrelated to this case; and (d) any discussion that implicates

16

1    security techniques and procedures.

2       3.  The Court resets the pre-trial dispositive motion deadline to December 15, 2025.

3

4    Dated:    October 30, 2025

5    HELENA M. BARCH-KUCHTA
     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17