UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY LEE BEAVERS,

              Plaintiff,

      v.

OFFICER HOSEY,

              Defendant.

Case No.  1:21-cv-00650-HBK (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

ORDER GRANTING PLAINTIFF'S REQUEST TO REOPEN DISCOVERY

(Doc. 76)

On December 2, 2025, Plaintiff filed a motion seeking reconsideration of the Court's October 30, 2025 order, which granted in part and denied in part Plaintiff's motion to compel. (Doc 76).  In the alternative, Plaintiff seeks to reopen discovery.  (*Id*.).  Defendant filed an opposition on December 12, 2025.  (Doc. 78).  Plaintiff has not filed a reply and the time to do so has expired.  For the reasons set forth below, the Court denies Plaintiff's motion for reconsideration but grants his motion to reopen discovery for a limited period.

***Motion for Reconsideration***

A motion for reconsideration or relief from a judgment is appropriately brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b).  *See Bonilla v. Siskiyou County*, Case No. 2:18-cv-2555-KJM-KJN, 2019 WL 6618060 (E.D. Cal. Dec. 5, 2019) (analyzing reconsideration motion under both Rule 59 and 60).  Affording Plaintiff the benefit of the mailbox rule due to his incarcerated status, Plaintiff filed his motion for reconsideration within 28

days after the Court entered its order on Plaintiff's Motion to Compel. (*See* docket). The Court analyzes Plaintiff's Motion under both Rule 59(e) and 60(b).

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted) (emphasis in original); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Its broader counterpart, Rule 60(b), provides relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). *See also*, Local Rule 230(j) (mirroring federal rule and requiring a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."). (E.D. Cal. 2025).

Motions to reconsider are committed to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior order. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). "A party seeking reconsideration must show more

2

than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.*S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotations omitted). A reconsideration motion is not a vehicle to raise new arguments or present new evidence that could reasonably have been raised in the initial motion. *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880 (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000)). Nor is it a mechanism to rehash or reargue the same arguments that have already been raised and rejected. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) ("The motion was properly denied here because, as Judge Dimmick noted, it presented no arguments that had not already been raised in opposition to summary judgment.")

Regarding Request for Production Nos. 1, 3, 5, 6, and 7, Plaintiff continues to insist that the information sought—specifically lists of inmates and their housing and lists of officer assignments—can be easily produced by CDCR from their databases. (Doc. 76 at 3-5). In support, Plaintiff attaches as Exhibit A, a list of "Bed Assignments." (*Id*. at 9). Plaintiff also refers the Court to *Vaughn v. Parker*, *Sahibi v. Gonzales*, *Brown v. Reyes*, and *Felder v. Macias.*[1] (*Id*. at 4). Regarding Request No. 7,[2] Plaintiff insists that there are specific Wasco Procedure and Training Manuals that include directives concerning the operation of electronic doors, but Defendant has failed to produce them, characterizing the production he received as worthless. (*Id.* at 6). In opposition, Defendant argues that the cases cited by Plaintiff are inapposite or distinguishable and Plaintiff otherwise fails to present any new arguments or evidence, and merely rehashes his arguments that the requested documents can be easily produced. (Doc. 78 at 2-4).

Regarding Request No. 7, to the extent specific Wasco Procedure and Training Manuals address the operation of the electronic doors, such documents would fall within Plaintiff's Request No. 7 and should have been produced, if Defendant had not already done so.

---

[1] Plaintiff refers to this case as *Peider v. Macias*; however, upon review of the citation and the facts discussed, the Court identifies the case as *Felder v. Macias*.

[2] Plaintiff identifies as Request No. 5 in his motion. (Doc. 76 at 7).

3

With regards to the remaining Requests, Plaintiff conflates information that could have been produced by CDCR in response to Plaintiff's interrogatories and CDCR's position that documents that do not exist in response to Plaintiff's requests for production of documents.  The cases Plaintiff cites to are distinguishable from the instant matter and fail to present any newly discovered evidence, demonstrate clear error, or set forth any changes in the controlling law.  First, Plaintiff argues that *Vaughn v. Parker*, No. 3:18-cv-02098-JAH-MMP, 2024 WL 2869359 (S.D. Cal. June 6, 2024) proves the documents he requests in Request No. 1 exist.  (Doc. 76 at 4).  While the court in *Vaughn* discusses the production of the types of documents an inmate requested at a different CDCR facility peripherally when discussing sanctions regarding the late addition of witnesses, here Defendant attested that Wasco State Prison's database does not retain information regarding what inmates were housed in certain buildings during a certain time frame to create the document Plaintiff requests.  (Doc. 68 at 2).  Because *Vaughn* involved a different facility with potentially different record-keeping practices, it fails to demonstrate that Defendant's response in this matter was factually erroneous as to warrant reconsideration of the Court's October 30, 2025 Order.

Second, Plaintiff relies on *Sahibi v. Gonzales*, No. 1:15-cv-01581-LJO-MJS (PC), 2017 WL 2730980, at *2 (E.D. Cal. June 23, 2017) for the same reasons as *Vaughn*.  While *Sahibi* involved a motion to compel the same kind of document Plaintiff requests here, in *Sahibi* defendants objected to production based on privilege, whereas here Defendant objected to production based on non-existence.  (Doc. 68 at 2).  Further, the plaintiff in *Sahibi* was also located at a different CDCR facility than Wasco.  A court order overruling a privilege objection does not prove that a document exists in a case where the defendant asserts it does not.

Finally, Plaintiff cites to *Brown v. Reyes*, No. 5:23-cv-00440-JWH-AJR, 2024 WL 5432674, at *3 (C.D. Cal. Dec. 17, 2024) and *Felder v. Macias*, No. 2:20-CV-0266-WBS-DMC-P, 2024 WL 3413561, at *1 (E.D. Cal. June 5, 2023) to argue the capabilities of CDCR databases—such as the Inmate Appeal Tracking System—show that CDCR is capable of producing the requested records.  (Doc. 76 at 5).  While these cases discuss CDCR's general tracking capabilities, they do not establish that Wasco State Prison maintains the specific housing

4

or staffing logs Plaintiff seeks.

The Court previously found a party is not required to create a new document for production that is not already in its possession, custody, or control.  (Doc. 73 at 7); *Robinson v. Adams*, 2011 WL 2118753 *53 (E.D. Cal. May 27, 2011) (denying plaintiff's motion to compel responses to a document request seeking the names of prison employees working in building two during a certain time because the request did not seek an identifiable document).  Further, to the extent Plaintiff believes Defendant possesses responsive documents but failed to produce them, Plaintiff fails to present any facts to support this contention.  As pointed out by the Court in its October 30, 2025 Order, a party's mere suspicion that additional documents exist is an insufficient basis to file a motion to compel, or in this case warrant reconsideration.  *See Bethea v. Comcast*, 218 F.R.D. 328, 330 (D. D.C. 2003).  Consequently, the Court finds Plaintiff has not carried his burden under Rules 59 or 60 to warrant reconsideration of the October 30, 2025 Order.

### *Motion to Reopen Discovery*

Plaintiff's Motion incorporates a request to extend the discovery deadline so Plaintiff can submit a second set of discovery requests to Defendant.  (Doc. 76 at 6).  Plaintiff attaches as Exhibit B, what appears to be hybrid interrogatories/documents requests dated May 5, 2025.  (*Id*. at 11-15).  Plaintiff states that he intended to send this discovery request after he received Defendant's responses to his first discovery.  Plaintiff initially sought leave to extend discovery on April 21, 2025, before the expiration of the discovery deadline.  (Doc. 53).  The Court denied that motion without prejudice directing Plaintiff to contact Defendant to obtain a stipulation if he was able to show good cause.  (Doc. 54).

Motions to extend discovery that are filed before the deadline for discovery expires require a showing of "good cause" for why a deadline should be extended.  Fed. R. Civ. P. 16(b).  The Ninth Circuit instructs courts to consider the following factors when ruling on a motion to amend Rule 16 scheduling orders to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by

5

the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) (citation omitted), *vacated on other grounds*, 520 U.S. 939, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997).

Plaintiff submits his failure to timely submit discovery requests to Defendant was an inadvertent mistake because Plaintiff lacked access to the Court's Local Rules.  (Doc. 76 at 6). Plaintiff claims without this additional discovery he will be unable to identify witnesses to the fight to interview.  (*Id*. at 6).  He admits he should have sought an extension earlier when Defendant failed to respond to a request.  (*Id*.).  In opposition, Defendant highlights the Court's Case Management Scheduling Orde put Plaintiff on notice of the 45-day discovery deadline. (Doc. 78 at 5).  Defendant also notes Plaintiff already possesses a witness list through Plaintiff's Second Level Appeal Decision as well as the confidential investigation report.  (Doc. 78 at 5).

First, because no trial date is set in this case, trial is not imminent.  Thus, this factor weighs in favor of reopening discovery.  (Doc. 34); *Driver v. Pape Trucks, Inc.*, No. 2:17-CV-01968-KJN, 2023 WL 7305076, at *3 (E.D. Cal. Oct. 6, 2023) (finding trial was not imminent when no trial or pre-trial conference had been set).

Second, Defendant opposes Plaintiff's request, which weighs against granting the motion to reopen.  (Doc. 78 4-6); *Washington v. Essex*, No. 2:12-CV-03054-DAD-DB, 2022 WL 17417871, at *5 (E.D. Cal. Dec. 5, 2022) (finding opposition to a motion to reopen discovery weighs against granting the motion).

Third, Defendant does not explicitly argue prejudice.  Reopening discovery months after the cutoff may prejudice the non-moving party by delaying resolution and increasing litigation costs.  *Pittmon v. CACI Int'l, Inc.*, No. 2:21-CV-02044-DOC-SSC, 2024 WL 3468812, at *3 (C.D. Cal. July 10, 2024) (citing *Morris v. Sutton*, 2019 WL 2994291, at *6 (E.D. Cal., 2019) ("[P]rejudice to the non-moving party can occur when the trial is delayed, additional costs will be incurred, and major alterations in trial tactics and strategy will result")).  Here, trial has not been set.  In fact, the Court recently granted Defendant's motion to extend the dispositive motion

deadline. Thus, the Court perceives no prejudice to Defendant at this stage of the proceedings. Thus, this factor weighs in favor of reopening discovery.

Fourth, the Court set a nine-month discovery period. (Doc. 34). The Court has not previously amended the discovery deadline. During this time, Plaintiff had to respond to an exhaustion-based motion for summary judgment. (Doc. 38, 45). Plaintiff timely filed an earlier motion requesting to extend the discovery period shortly after the Court's April 2, 2025 order denying Plaintiff's motion for reconsideration of its order granting the exhaustion-based motion for summary judgment. (Doc. 52). Further, after the case was set for a second settlement conference, the Court stayed all deadlines. (Docs. 58, 63). On August 5, 2025, after the settlement conference resulted in an impasse, the Court reset the dispositive motion deadline but did not revisit the discovery issue. (Doc. 66). Given these facts, the Court finds Plaintiff did exercise diligence in seeking an extension to the deadline for discovery. *See Cardenas v. Butler*, No. 2:23-cv-0500 TLN AC P, 2025 WL 2300669, at *7 (E.D. Cal. July 30, 2025) (finding that a plaintiff established the requisite diligence for a discovery extension where he had not "blatantly ignored" deadlines but rather sought assistance and filed for extensions prior to the close of discovery). Thus, this factor weighs in favor of reopening discovery.

Fifth, Plaintiff sought to identify inmates who were housed in his building as well as other forms of discovery in his Requests for Production of Documents, but Defendants contend no such responsive documents exist. Plaintiff explains that he attempted to meet and confer with defense counsel on at least three occasions to discuss his objections to Defendant's discovery responses and his need for additional discovery to obtain a stipulation to extend the discovery deadline without success. (Doc. 76 at 1-3). This is not a case where Plaintiff did not foresee the need for discovery, or failed to pay attention to the responses he received, and failed to act. *See Shijiazhuang Hongray Grp. v. World Trading 23, Inc.*, No. 5:21-CV-00972-FWS-KK, 2023 WL 2629890, at *4 (C.D. Cal. Mar. 10, 2023) (finding the need for discovery remained foreseeable despite the non-moving party's delay because the moving party was aware of the information); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (noting Rule 16 is designed to protect against litigants who fail to pay attention to responses and file belated

motions). Thus, the Court finds this factor weighs in favor of extending discovery.

Sixth, the likelihood that the requested discovery will lead to relevant evidence is disputed. Plaintiff claims he needs to identify witnesses. But Defendant points out that Plaintiff already possesses witness lists through the appeals process and investigation reports. Plaintiff does not address why the current list of witnesses is inadequate. Despite this, finding additional witnesses may be relevant evidence. Thus, this factor weighs slightly in favor of reopening discovery. *De Paz v. Wells Fargo Bank, N.A.*, No. CV189779PSGPJWX, 2020 WL 2404897, at *4 (C.D. Cal. Feb. 18, 2020) (finding that reopening discovery could produce relevant information weighed in favor of reopening discovery).

Based on the foregoing, the Court finds Plaintiff has demonstrated good cause and diligence to warrant reopening discovery for a limited period.

Accordingly, it is hereby ORDERED:

1. Plaintiff's motion for reconsideration (Doc. 76) is DENIED.

2. Plaintiff's request to reopen discovery is GRANTED to the limited extent set forth herein.

   a. The parties may engage in discovery for a period of 60 days from the date of this Order;

   b. Responses to discovery will be due within twenty (20) days after receipt of the discovery request.

   c. Any discovery motions must be filed no later than March 27, 2026.

3. The deadline to file pre-trial dispositive motions is May 29, 2026.

Dated:    January 29, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

8