UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE BEAVERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER HOSEY,<br><br>　　　　Defendant. | Case No.  1:21-cv-00650-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION<br><br>(Doc. 87) |

Plaintiff Gary Lee Beaver's Motion moves for reconsideration of the Court's January 29, 2025 order granting Defendants Mendoza and Espinosa's exhaustion-based motion for summary judgment. (Doc. 87). This is plaintiff's second request for reconsideration of that order, and he relies on the Supreme Court's decision in *Perttu v. Richards*, 605 U.S. 460 (2025). Defendants opposed the motion. (Doc. 89). Plaintiff did not file a reply, and the time to do so has expired. For the reasons below, the Court denies the motion.

I.　　APPLICABABLE LAW

Because Plaintiff filed the Motion more than 28 days after entry of the summary judgment order, the Court construes it as brought under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 60(b). Rule 60(b) authorizes relief from a final judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or

misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released, or discharged, is based on a reversed or vacated earlier judgment, or is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Local Rule 230(j) similarly requires a showing of "new or different facts or circumstances" that were not previously presented, or other grounds justifying reconsideration.

Relief under Rule 60(b) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 858–59 (9th Cir. 2022). An intervening change in binding precedent can, in some circumstances, justify Rule 60(b) relief. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

II.    DISCUSSION

Plaintiff contends that *Perttu* requires a jury, rather than the Court, to decide whether he exhausted administrative remedies as to Defendants Mendoza and Espinosa because, in his view, the grievance process is "intertwined" with his claims. (Doc. 87, 1, 5). He argues that the Court's ruling that Mendoza and Espinosa were not named in his grievance, and thus were not exhausted, improperly resulted in summary judgment in their favor and violated his First Amendment right to file a grievance. (*Id*. at 5). Defendants respond that *Perttu* does not apply because Plaintiff's only remaining substantive claim is an Eighth Amendment failure-to-protect claim, not a First Amendment retaliation claim tied to the grievance process. (Doc. 89 at 3-5).

*Perttu* holds that "parties are entitled to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim protected by the Seventh Amendment." 605 U.S. 460, 479. Following *Perttu*, some courts have found no intertwinement where the case involves only Eighth Amendment claims and the exhaustion dispute concerns different facts than merits. *See, e.g.*, *Thompson v. Allison*, No. 23-CV-05079-HSG, 2025 WL 3467389, at *6 (N.D. Cal. Dec. 3, 2025) (finding exhaustion issues—what a grievance covered and whether remedies were available— were not intertwined with whether defendants knowingly exposed plaintiff to a substantial risk of serious harm); *Marsh v. Reckert*, No. 4:23-CV-00128-SPM, 2025 WL 1928608, at *2 (E.D. Mo. July 14, 2025) (no intertwinement where plaintiff asserted no claim based on the handling of his

2

administrative grievance or remedies and exhaustion did not require deciding facts material to an excessive use of force claim); *Hill v. Tisch*, No. 2:02-CV-3901 (NJC) (AYS), 2025 WL 1871142, at *7 (E.D.N.Y. July 7, 2025) (finding exhaustion and merits of excessive force, conditions-of-confinement, and failure-to-protect claims did not depend on common factual issues). Other courts interpret "intertwined" more broadly where the same witness's credibility is central to both the exhaustion question and the merits. *See, e.g.*, *Murphy v. Bailey*, 794 F. Supp. 3d 556, 573 (C.D. Ill. 2025) (finding intertwinement where the credibility of overlapping witnesses was central to both exhaustion and merits inquiries, even though the specific factual issues differed).

Here, Plaintiff brings no First Amendment retaliation claim regarding the handling of his grievances, nor does he identify any witness credibility dispute that is material to both exhaustion and the merits of his Eighth Amendment failure-to-protect claim. Moreover, the Court's prior determination that Plaintiff failed to exhaust his administrative remedies as to Defendants Mendoza and Espinosa did not turn on whether to believe Plaintiff's testimony, unlike in *Perttu* where the Court had to resolve testimony about destroyed grievances. (*See* Doc. 45 at 13-19).

Plaintiff instead argues that exhaustion is "intertwined" with his claims simply because his claims against Mendoz an Espinosa were dismissed based on the exhaustion ruling. This argument is unpersuasive. If accepted, it would convert every exhaustion decision into a jury question, regardless of whether any factual issue overlaps with the merits. That outcome exceeds the scope of *Perttu's* discussion on intertwinement. *See Perttu*, 605 U.S. at 474 (explaining that, when the PLRA was enacted, the usual practice was to resolve factual disputes "intertwined with the merits" at the merits stage, and Congress's silence supports continuing that practice).

Finally, Plaintiff repeated arguments already raised and rejected in the Court's January 29, 2025 summary judgment order and its March 17, 2025 order denying his first motion for reconsideration. A Rule 60(b) motion is not a vehicle to relitigate previously rejected arguments. *See Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995). Plaintiff has not identified new facts, a qualifying change in law as applied to this case, or any other basis for relief under Rule 60(b).

////

////

Accordingly, it is hereby ORDERED:

Plaintiff's Motion for Reconsideration (Doc. 87) is DENIED.

Dated:    June 12, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4