UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE BEAVERS,<br><br>                    Plaintiff,<br><br>          v.<br><br>OFFICER HOSEY,<br><br>                    Defendant. | Case No.  1:21-cv-00650-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS<br><br>(Docs. 84, 85) |

Pending before the Court is Plaintiff Gary Lee Beavers' Motion to Compel Discovery and Request for Sanctions filed on March 23, 2026. (Docs. 84, 85). Defendant filed an Opposition on April 13, 2026. (Doc. 86). Plaintiff did not file a Reply, and the time for doing so has expired. For the reasons set forth below, both motions are denied.

**PROCEDURAL BACKGROUND**

Plaintiff previously filed a Motion to Compel on May 12, 2025. (Doc. 55). On May 23, 2025, prior to Defendant Hosey's response deadline, the Court deferred a ruling and ordered the parties to meet telephonically and confer in good faith to resolve the outstanding discovery dispute.[1] (Doc. 56 at 4). If the parties were directed to file a joint statement, not exceeding six pages, identifying any remaining disputes. (*Id*. at 4, ¶ 5). Instead of a <u>joint</u> statement, Plaintiff

---

[1] As pointed out by the Court, Plaintiff's did not include a certification that he had met and conferred with defendant prior to filing the motion. (Doc. 56 at 3:17-18).

filed a separate statement on September 11, 2025 asserting Defendant had not complied with discovery. (Doc. 67). Defendant filed a statement opposing Plaintiff's motion on September 15, 2025. (Doc. 68). On October 30, 2025, the Court granted in part and denied in part Plaintiff's Motion to Compel. (Doc. 73).

On February 6, 2026, Plaintiff served additional document requests. (*See* Doc. 86 at 17-20). On March 23, 2026, he filed the present Motion to Compel with an addendum providing further detail and seeking sanctions. (Docs. 84, 85). Defendant filed an Opposition on April 13, 2026. (Doc. 86).

## APPLICABLE LAW

Federal Rule of Civil Procedure 26 permits discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues, the amount in controversy, the parties' access to information and resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Although broad, the scope of discovery is not without limits, and the Court must limit discovery that is irrelevant, overly broad, unduly burdensome, cumulative or disproportional. Fed. R. Civ. P. 26(b)(2)(C); *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal. 2015). Whether to permit or deny discovery is committed to the Court's "broad" discretion. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Under Rule 34, a party may request documents in the responding party's possession, custody, or control, and the responding party must produce all specified relevant, relevant, non-privileged documents, tangible things, or electronically stored information in its possession, custody, or control by a specified date. Fed. R. Civ. P. 34(a)(1). If the requesting party is dissatisfied, it may move to compel further responses under Rule 37(a), and an incomplete disclosure, answer, or response is treated as a failure to disclose, answer or respond. Fed. R. Civ. P. 37(a); 37(a)(4). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery." *Hasan v. Johnson*, 2012 WL 569370 *2 (E.D. Cal. Feb. 21, 2012) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

The Ninth Circuit recognizes a qualified privilege for official information. *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394 (1976). However, this privilege is contingent upon competing interests of the requesting litigant and is subject to disclosure, especially where protective measures are in place. *Id.* Under this privilege, a "court must balance the government's interest in protecting official information" against the plaintiff's need for the information, and in civil right cases that balancing test is moderately pre-weighted in favor of disclosure. *Edwards v. Cnty. of Los Angeles*, No. CV 08-07428 GAF(SSx), 2009 WL 4707996, at *3 (C.D. Cal. Dec. 9, 2009); *Kelly v. City of San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987).

Before engaging in this balancing, the party invoking the privilege must make a "substantial threshold showing" that the privilege applies, typically via declaration or affidavit form a responsible official with personal knowledge. *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting *Kelly*, 114 F.R.D. at 669). The affiant must have personally reviewed the material and specifically articulate why public interest warrants nondisclosure, including: (1) affirmation that the agency generated or collected and maintained the confidentiality of the material; (2) a statement that the official personally reviewed the material; (3) identification of governmental or privacy interests threatened by disclosure; (4) a description of how disclosure, even under a protective order, would substantially risk harm to those interests; and (5) a projection of the harm if disclosure is made. *Soto*, 162 F.R.D. at 613 (quoting *Kelly*, 114 F.R.D. at 670); *Kerr*, 511 F.2d at 198.

The party resisting discovery must specifically describe how disclosure of the requested information in that case would be harmful. *Soto*, 162 F.R.D. at 613-14. If the party fails to meet this threshold, the privilege is overruled. *Chism v. County of San Bernardino*, 159 F.R.D. 531, 533 (C.D. Cal. 1994). Ordinarily, the party who asserts the privilege has the burden to demonstrate that the privilege applies. *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988) (citing *United States v. Hirsch*, 803 F.2d 493, 496 (9th Cir. 1986)); *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).

////

3

**ANALYSIS**

**A. Failure to Meet and Confer**

This action proceeds on Plaintiff's single Eighth Amendment failure-to-protect claim against Defendant Hosey, based on allegations that, on April 7, 2019, Defendant allowed inmate Price, a porter, to enter Plaintiff's cell and assault him despite knowing of Price's violent history and intentions toward Plaintiff.

Notwithstanding the Court's prior explicit warning, Plaintiff has again failed to comply with the mandatory meet-and-confer requirement set forth in Rule 37(a)(1). Plaintiff's motion contains no certification of any good-faith effort to confer, and Defendant affirmatively represents that no such effort was made. (Doc. 86 at 4). The Court previously apprised Plaintiff of this obligation when it deferred ruling on his earlier motion. (Doc. 56 at 3).

Plaintiff's repeated disregard of this clear procedural requirement constitutes a willful failure to comply with both the Federal Rules and this Court's directives. Such noncompliance is not merely technical but undermines the orderly administration of justice. Pursuant to Local Rule 110, the Court may impose sanctions for failure to comply with its rules or orders. Considering Plaintiff's continued noncompliance despite prior warning, denial of the present motion is warranted and appropriate.

**B. Motion to Compel**

In the alternative, the Court finds no basis for relief. Plaintiff seeks to compel responses to Documents Requests 15-20 and requests sanctions. (Doc. 84 at 6-7; Doc. 85). Plaintiff points to Defendant's responses to his Requests for Admission Defendant in support of motion. (Doc. 84 at 1-3). Defendant correctly notes that Plaintiff does not move to determine the sufficiency of any responses to Requests for Admission, so those matters are not at issue. (Doc. 86 at 4).

Plaintiff's newest discovery requests were originally numbered beginning at Request No. 1, but Defendant renumbered them as Requests Nos. 15–20 to continue the earlier sequence, and Plaintiff adopted that numbering in his motion. (Doc. 84 at 6–7; Doc. 86 at 18, 31–38). Although Plaintiff's motion does not explicitly mention Document Request Nos. 17 and 20, his description of Request No. 16 appears to correspond to Request No. 17, and he lists Request No. 19 twice,

with the second description relating to Request No. 20; out of caution, the Court addresses Requests Nos. 15–20.

The Court has already addressed substantially similar requests. Document Request Nos. 15, 16, 17, 18, and 19 seek the same categories of documents that the Court previously denied when ruling on Document Request Nos. 1, 3, 6, 8, and 9 in Plaintiff's earlier Motion to Compel. (*Compare* Doc. 73 at 6–7, 10–11, 13–15, *with* Doc. 86 at 17–20). Plaintiff's attempts to cure previously noted deficiencies are unavailing. The gravamen of Plaintiff's requests is that Defendants should be required to produce data from its various databases. Further, Plaintiff continues to seek the names of all inmates who were housed in Facility B, Building #3 on the day of the incident. The Court previously noted that Plaintiff already had possession of witness lists through the appeals process and investigation reports. Plaintiff still fails to address why the current list of witnesses is inadequate.

Request No. 15: The Court's prior ruling on Request No. 1 controls. Defendant's admissions do not show that responsive documents exist pertaining to Request No. 15 and Defendant is not required to create the list Plaintiff seeks. Further, Plaintiff's request is overbroad and not proportionate to the needs of this case, and clearly infringes on both privacy rights of their-party inmates, and can jeopardize the safety of the institution.

Request No. 16: The Court's prior ruling on Request No. 3 controls. Plaintiff must accept Defendant's representation that all responsive documents have been produced, and Defendant is not required to create a new list. Further, Defendants already produced records responsive to this request under AGO 0368-0373 and refers Plaintiff to AGOPRIV0019, which includes the roster of staff members working on April 7, 2019, in Plaintiff's building. Finally, the request is vague, violates privacy rights of third-party staff, and seeks information that is protected by official information privilege.

Request No. 17: The Court's prior ruling on Request No. 9 controls. Defendant explains that the 2019 Inmate Orientation Manual produced includes procedures specific to Wasco State Prison. (Doc. 86 at 8). Plaintiff fails to explain how this production is insufficient. A party seeking to compel discovery must identify how responses are deficient. *See Womack v. Virga*,

2011 WL 6703958, at *11 (E.D. Cal. Dec. 21, 2011); *Walker v. Karelas*, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009). Additionally, the information is confidential and protected by official information privilege.

Request No. 18: The Court's prior ruling on Request No. 6 controls. Plaintiff must accept Defendant's statement that no responsive documents were located, and Defendant is not required to create the list Plaintiff seeks. Further, the request is not relevant, overbroad and not proportional to the needs of the case.

Request No. 19: The Court's prior ruling on Request No. 8 controls. Defendant states that it produced several procedures specific to Wasco State Prison, including the 2025 Operations Procedure 036: Emergency Medical Response Program (AGO 0324–0357), the 2019 Operational Procedure 026: Emergency Medical Response (AGO 0478–0509), and the 2019 Operational Procedure 112: Medical Evaluation and Report of Injury or Unusual Occurrence. (Doc. 86 at 10). Plaintiff again fails to explain why this production is inadequate, contrary to his burden under *Womack* and *Walker*. Again, the request is overbroad and not proportional to the needs of the case.

As to Request No. 20, Plaintiff argues that Defendant's response was unresponsive because only information for the officers in the towers on April 7, 2019 was produced instead of the requested months of March and April 2019. (Doc. 84 at 6-7). In his addendum, Plaintiff asserts he received a supplemental response that included a report for Building #2 rather than Building #3 where he was house. (Doc. 85 at 1). Defendant responds that he produced staff sign-in sheets for all Facility B buildings, including Building #3, for second-watch shifts from April 1-10, 2019, and noted that any confusion could have been addressed through a meet-and-confer. (Doc. 86 at 11-12). Plaintiff again does not explain why Defendant's production is inadequate. *See Womack*, 2011 WL 6703958, at *11; *Walker*, 2009 WL 3075575, at *1.

Because Plaintiff has not met his burden to show that Defendant's responses are deficient or that he has suffered actual and substantial prejudice from the denial of additional discovery, the Motion to Compel is denied in its entirety. *Hasan*, 2012 WL 569370, at *2.

////

**C. Request for Sanctions**

In his addendum, Plaintiff requests sanctions in the amount of $5,000 to hire advisory counsel to assist with discovery, basing his request on the alleged discovery violations. (Doc. 85 at 1). Because the Court denies the Motion to Compel and finds no discovery violation, there is no basis for sanctions under Rule 37. *See Smith v. Knowlton*, 2024 WL 402799, at *2 (E.D. Cal. Feb. 2, 2024), *aff'd*, No. 24-3208, 2025 WL 2860604 (9th Cir. Oct. 9, 2025) (holding that Rule 37 sanctions are inappropriate where the plaintiff has not identified any failure by defendant or counsel to comply with discovery order). Plaintiff's request for sanctions is therefore denied.

Accordingly, it is ORDERED:

1. Plaintiff's Motion to Compel Discovery (Doc. 84) is DENIED as a sanction for his repeated failure to meet and confer. In the alternative, the Motion (Doc. 84) is DENIED on the merits.

2. Plaintiff's Request for Sanctions (Doc. 85) is DENIED.

Dated:    June 15, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE